Opinion of the Court,
by Judge Mills.
THE present appellant holds a judgment against R. Terry, in the record of which Harrison stands as special bail for Terry, by an endorsement on the writ, taken by the sheriff in the form prescribed by the act of assembly regulating that matter. He issued a scire facias against Harrison as the special bail, to have execution of the judgment against him,. At the trial of the cause on a day after the return day, Harrison appeared, and by his counsel demurred to the scire far cias, in which the plaintiff joined. The court, on argument, sustained the demurrer. The plaintiff’s counsel then moved the court to amend the scire facias, by inserting these words, to wit: “ Said' plaintiff avers said Terry has altogether failed to pay the said ment, or to render his body to prison in execution for the same, nor has the said Harrison done it for him.” The defendant opposed the amendment, and offered surrender the body of his principal into court, in discharge of his recognizance. The court refused to mit the amendment, and allowed the principal to surrendered and an exoneratur to be entered, which was done accordingly. To reverse which judgment and proceedings, the plaintiff has prosecuted this writ error. .
The first question presented for the decision of this court, is the propriety of sustaining the demurrer in the court below; and if this be for the appellant, there is no necessity of a decision on other questions.
The sole ground relied on as a defect in the scire elas, is the want of the averment that the principal had failed to pay the rfioney or render his body to prison. There is no such express averment in the scire facias, and the questions then are, was such an averment necessary? and if it is, is there no averment contained in the scire facias tantamount to it? It is laid down in. 2 Tidd 996, that such averment is necessary; and as the legislature has dispensed with the necessity of a declaration on a sc ire facias, the writ itself must answer the end of *60 legal pleadings, and therefore the averment cannot be less necessary without a declaration, than with it.— The only substitute for this averment, consists in the following sentences. After reciting the judgment, the scire facias proceeds: “Nevertheless, execution of the debt, interest and costs aforesaid, yet remains to be made, as by the said Elijah Baker we are informed.” These expressions are introduced into this scire facias, borrowed from those of another kind used to revive judgments, and are not necessary in this. Still, if they contain enough, however awkwardly they may be used, to answer the purpose' of another averment, which is omitted, they must be noticed. We readily admit that these expressions are sufficient to show that the demand is not paid and satisfied; for execution of the judgment could not “remain to be made,” if the demand was discharged. But they will not answer in lieu of the latter clause of the necessary averment, u or rendered h,is body to prison, in execution for the same.” The averment that execution of the judgment remains to be made, may be true, and yet the principal may have surrendered himself in discharge of his bail; for it is clear, that the principal may be surrendered into custody, and not charged in execution, until he is discharged, because there is no execution, and thereby the bail may be discharged, and yet the plaintiff in the judgment may thereafter issue any execution known to the law, even one against the body, and thus entire execution may remain to be made, and the bail be discharged by the surrender of the principal. Of course this dause in the scire facias will not supply the requisite averment.
The next clause in the scire facias, relied on as a substitute, is the averment that the special bail “hath entirely failed to perform his undertakings.” It is true, that the special bail undertakes that the principal, if cast, shall satisfy and pay the costs and condemnation of the court, or render his body to prison in execution for the same, or, in case of failure, that he, the bail, will do it for him; and it is also true, that the averment that the bail did not perform his undertakings, does include a failure on his part of all these undertakings; but it is also true, that the bail may be in default in all these undertakings, and yet his principal may have complied,, and either have paid the debt or surrendered himself *61 in discharge of the bail, which is the essential averment, and of course this part of the scire facias cannot supply the want of it. We therefore concur with the court below, that this scire facias is bad.
This leads us to the question of amendment, which was refused by the court below. According to the common law and the statutes of amendment which existed before the commencement of this state, & scire facias is to be treated as process, and was therefore amendable, where there was something to amend by, in case it was defective, (owing. to clerical errors; and in extending amendments of this kind to a scire facias,- this court has been liberal, and has permitted a scire facias to be amended, so as to conform to a judgment which it had misrecited. And if the amendment now desired, extended only thus far, there would be no difficulty in permitting it to take place; but this is not the case. The leaye asked, is to insert an amendment of a matter in pais, a necessary allegation to sustain it. It is true, ■that the necessity of a declaration is dispensed with by statute; and it may be urged, that as a scire facias, although a writ, is to supply the place of legal pleadings, as well as that of a writ, it ought to be subjected to the same rules that a declaration is. No doubt, a declaration, in such case, could be amended, under our act of assembly, approved the 30th of January 1811, (1 Dig. L. K. 262,) as will appear from the expressions in the act: “But in all cases where the court is of opinion that the parties cannot proceed to a fair trial on the merits of the cause, from a defect in the pleadings, either party may be allowed to amend.” This clause is, however, by its letter, confined to pleadings, and not extended to process, which remains as the law was before. Nor does it, in terms, extend to that kind of process which answers the additional purpose of pleading.— And as a scire facias, in this case, was not only designed to give notice to the bail, but also to fix and determine the hour of the bail’s liability, we conceive that it was not the intention of the legislature, while it enabled the parties, by amendment, to reach a trial on a proper issue, to alter the nature of such process, or to fix bail by less than was required before, for that purpose.— We, therefore, cannot extend the spirit of the act to this case, especially as the legislature has, by a section jn the same act, inserting a provision with respect to *62 process, and has thereby cured its informalities only, anc* not want substance, which appears in this; case; and as the section which regulates process, does not reach it, we ought not to extend to it the section which in terms embraces the pleadings only.
Judgment affirmed with costs.