Opinion of the Court by
Chief Justice Bibb.
On the 21st of August, 1821, Holland entered into a recognizance of bail to the action, (called commonly special bail,) on a capias ad respondendum sued by Bouldin against Fowler.
On the 24th of November, 1821, judgment was rendered against Fowler.
The scire facias.
Demurrer.
Plea of no casa.
Joinder in the demurrer to plea withdrawn.
Scire facias on a recognizance of special bail, must state that the principal had not paid the judgment or surrendered his body in execution—recital that execution of the judgment remained to be done, is not equivalent.
*148 On the 7th of May, 1823, Bouldin sued a scire facias against the bail upon this recognizance.
The scire facias recites, the recognizance of bail to the action aforesaid and its date; that judgment was rendered, &c.; “yet execution of the judgment still remains to be made;” —“that the said Drury C. Holland undertook for the said Fowler, that he should pay and satisfy the condemnation of the court, or surrender the body of the said Fowler to prison in execution therefor, or oil failure thereof, that be the said Holland would do it for him. Yet the said Holland, the debt, interest and costs aforesaid, to the said Bouldin has not paid, or surrendered the body of the said Fowler to prison, in execution therefor,” &c.
To this scire facias Holland demurred; the court overruled this demurrer, and gave judgment for costs.
He filed the plea (No. 1.) that no capias ad satisfaciendum had been sued upon the judgment, and several other things which were named pleas, (Nos. 2. 3 and 4,) which need not he noticed: to all these the plaintiff demurred; the defendant joined in demurrer, the court gave judgment on the demurrer to the pleas Nos. 1, 2, 3, 4. that they be overruled, and that plaintiff recover of the defendant his costs.
The defendant then, by leave of the court, withdrew his joinder to the plaintiff’s demurrer, and pleaded nul tiel record; the court gave judgment that there is such record, and that the plaintiff recover his costs; and the defendant saying nothing farther, judgment for execution was given. To this Holland prosecutes his writ of error.
Upon the demurrer to the scire facias, judgment should have been for Holland. The scire facias is not, according to approved precedents, used in ancient and modern times. It omits the very important allegation that the principal, Fowler, had not satisfied the judgment, nor surrendered his body in execution ; and recites only that the bail, Holland, had not paid, nor surrendered the body. It was ass *149 igned that the recital, “that the execution of the judgment yet remains to be done,” is equivalent and sufficient to supply that omission. The contrary was adjudged upon a like scire facias, in the case of Baker vs. Harrison, 5 Litt. 59. The recital, “that execution yet remains to be done,” as well as a charge, that the principal had neither paid, nor surrendered his body, is to be found in the approved forms. And we are not disposed to depart from the former decision, and the approved and ancient precedents.
Withdrawal of a joinder in demurrer to a plea on which the court had given judgment for plaintiff, does not withdraw the plea.
No ca sa to a scire facias vs special bail, was a good plea.
It is still so to a scire facias on a recognizance entere into before the Act of ’21 abolishing imprisonment for debt.
Where one of several disjunctive conditions of an obligation afterwards becomes impossible by the act of God or the law, the obligation is saved and no notion will lie on it.
*149 The plea, of no ca sa, it was argued, is withdrawn by the withdrawal of the joinder in plaintiff’s demurrer. We do not think so. The plea is in the record, the judgment of the court upon it is also given and recorded, and stands with the judgment for costs thereon given. The withdrawing of the joinder did not withdraw the plea, nor the recorded judgment of the court thereon. Therefore, it is proper to revise the decision upon that plea.
That bail could not, formerly, be charged without a ca sa, sued before scire facias on the recognizance, and that the want of a ca sa was formerly, a good plea by the bail, is not doubted.
But, for the plaintiff in the scire facias it is argued, that the Act of the Legislature of Kentucky, of December, 1821. abolishing imprisonment for debt, prevented him from having a ca sa, and this the plaintiff urges as an excuse for not suing the ca sa, and claims thereby, to charge the bail without a ca sa. The argument amounts to this, that after this recognizance was acknowledged upon conditions disjunctive and alternative, the Act of the Legislature, has had the effect to strike out one of those conditions, (the render of the body in execution,) and placed it on the single condition, that the bail shall pay the money if the principal does not pay. From the premises, that since the recognizance of bail was entered the law has rendered one of the conditions impossible, the conclusion of law would be, that the obligation is discharged,
In Shepherd’s Touchstone, title obligation, chap, *150 21, §2, 372, it is said—“when the thing to tic done by the condition, is a thing possible at the time of making the obligation, and after, by matter ex post facto, by the act of God, the act of the law, or the act of the obligee, it is impossible, in this case the obligation and the condition both are become void.” In Shepherd’s Touchstone, 393 ,it is said, “If the condition of an obligation consists of two parts in the disjunctive, or be to do one of two things before or at a day certain, and both the things are possible at the time of making the obligation, and before the time of performance one of the things is become impossible to be done, by the act of God, or by the act of the obligee himself, in this case the obligation is discharged forever;” accordingly Coke says in his commentary upon Litt. fol. 206--if it “become impossible, by the act of God, or of the law, or of the obligee &c. there the obligation &c. is saved.”—5 Coke, 22. Laughter’s case. 4 Coke. 52, Rawlin’s case.
No constitutional question arises here.
Monroe, for plaintiff: Crittenden, for defendant,
The plaintiff below, confessed that he had taken no ca sa, his excuse is, before ca sa sued, and of course before the bail was required to render the body, the law rendered it unlawful and impossible to sue a ca sa or imprison the defendant in execution of the judgment; therefore, he confessed that the recognizance was not broken, nor the condition thereof forfeited by the defendant, Holland.
We were invited by the argument, to decide a constitutional question supposed to arise, as to the operation of the law abolishing imprisonment for debt, upon previous judgments &c. Such question does not arise here, and we do not so lack suits and records, as to travel extra cancellos, (out of the record) to seek employment.
The plea of no ca sa was good and ought to have been so adjudged.
Judgment reversed with costs, and cause remanded with directions to enter judgment for the defendant in the scire facias